MCDERMOTT WILL & EMERY LLP
William G. Gaede, III (SB #136184)
wgaede@mwe.com
Andrew A. Kumamoto, Ph.D. (SB #178541)
akumamoto@mwe.com
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
Telephone: (650) 815-7400
Facsimile: (650) 815-7401

*Attorneys for Plaintiff Genomic Health, Inc.*

WILMER CUTLER PICKERING HALE AND DORR LLP
Mark D. Flanagan (SB #130303)
Mark.Flanagan@wilmerhale.com.
Russell S. Tonkovich  (SB #233280 )
Russell.Tonkovich@wilmerhale.com
950 Page Mill Road
Palo Alto, California  94304
Telephone: (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Defendant Incyte Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| GENOMIC HEALTH, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>INCYTE CORPORATION,<br><br>Defendant. | CASE NO. 10-CV-03643  JSW<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**Hon. Jeffrey S. White** |

## STIPULATED PROTECTIVE ORDER

### A.    PURPOSES AND LIMITATIONS

1.    Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protections from public disclosure and from use for any purpose other than litigating this matter may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

**STIPULATED PROTECTIVE ORDER**
**Case No. 10-CV-03643  JSW**

1   all disclosures or responses to discovery and that the protection it affords from public disclosure

2   and use extends only to the limited information or items that are entitled to confidential treatment

3   under the applicable legal principles.  The parties further acknowledge, as set forth in paragraph

4   34 below, that this Stipulated Protective Order does not entitle them to file confidential

5   information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and

6   the standards that will be applied when a party seeks permission from the court to file material

7   under seal.

8       **B**.    **DEFINITIONS**

9       2.    "Party": any party to this action, including all of its officers, directors, employees,

10  consultants, retained experts, and outside counsel (and their support staff).

11      3.    "Material": all information, documents, and things produced, served, or otherwise

12  provided in this action by the Parties or by non-parties.

13      4.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material":

14  information, documents, and things the Designating Party believes in good faith are not generally

15  known to others, and which the Designating Party (i) would not normally reveal to third parties

16  except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in

17  good faith are protected by a right to privacy under federal or state law or any other applicable

18  privilege or right related to confidentiality or privacy.

19      5.    "Producing Party": a Party or non-party that produces Material in this action.

20      6.    "Receiving Party": a Party that receives Material from a Producing Party.

21      7.    "Designated Material": Material that is designated "HIGHLY CONFIDENTIAL—

22  ATTORNEYS' EYES ONLY" under this Order.

23      8.    "Designating Party": a Party or nonparty that designates information, documents,

24  or things that it produces in disclosures or in responses to discovery as "HIGHLY

25  CONFIDENTIAL—ATTORNEYS' EYES ONLY."

26      9.    "Counsel of Record": (i) counsel who appear on the pleadings as counsel for a

27  Party; (ii) partners, associates, and employees of such counsel to whom it is reasonably necessary

28  to disclose the information for this litigation, including supporting personnel employed by the

**STIPULATED PROTECTIVE ORDER**
**CASE NO. 10-CV-03643  JSW**

attorneys, such as paralegals, translators, legal secretaries, legal clerks and shorthand reporters; and/or (iii) independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action, provided they sign the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

10.     "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of the opposing Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of the opposing Party.  As used herein, "Outside Consultant" includes any supporting personnel employed by and working at the direction of the consultant.

11.     "Professional Vendors": persons or entities located in the U.S. that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees or subcontractors.  This definition includes a professional jury or trial consultant retained in connection with this litigation and mock jurors retained by such a consultant to assist them in their work.  Professional vendors do not include consultants who fall within the definition of Outside Consultant.

**C.     SCOPE**

12.     The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or the Court's deadlines. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside the restrictions and procedures of the Federal Rules of Civil Procedures, the Local Rules of this Court, and/or the Standing Orders for the Honorable Judge White.

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-03643  JSW

**D.     ACCESS TO DESIGNATED MATERIAL**

13.     HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY Material:   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose any information, document, or thing designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to the following (in addition to those identified in Paragraphs 20 and 21 below regarding use of Designated Material at depositions):

(a)     Persons who appear on the face of Designated Material as an author, addressee, or recipient thereof;

(b)     Counsel of Record;

(c)     Kathleen Determann of Genomic Health and Patricia Schreck of Incyte to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A; should either reasonably be unable to fulfill the role as the single house counsel, a party may designate a replacement in-house counsel.

(d)     Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B;

(e)     The Court and its personnel;

(f)     Any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff, who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B;

(g)     Court reporters and videographers; and

(h)     Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

14.     Each person to whom Designated Material may be disclosed, and who is required to sign the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and, if

1    applicable, the "Certification of Consultant" attached hereto as Exhibit B, shall do so, prior to the

2    time such Designated Material is disclosed to him or her.  Counsel for a party who makes any

3    disclosure of Designated Material shall retain each original executed certificate and, upon written

4    request, shall provide copies to counsel to all other parties at the termination of this action.

5           15.    At the request of the Designating Party, persons not permitted access to

6    Designated Material under the terms of this Protective Order shall not be present at depositions

7    while the Designating Party's Designated Material is discussed or otherwise disclosed.  Pre-trial

8    and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to

9    protect Designated Material from disclosure to persons not authorized to have access to such

10   material.

11          **E.     ACCESS BY OUTSIDE CONSULTANTS**

12          16.    If a Receiving Party wishes to disclose another Party's Designated Material to any

13   Outside Consultant, such Receiving Party must provide advance written notice by letter sent

14   electronically with a confirming hard copy to counsel for the Designating Party, which notice

15   shall include: (a) the individual's name and business title; (b) business address; (c) business or

16   profession; (d) the individual's CV; (e) any previous or current relationship, personal or

17   professional, with any of the parties; (f) a list of other cases in which the individual has testified

18   (at trial or deposition) within the last four years; (g) a list of all companies with which the

19   individual has consulted or by which the individual has been employed within the last four years;

20   and (h) a signed copy of the "Agreement To Be Bound By Protective Order" attached hereto as

21   Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B.

22          17.    The Designating Party shall have ten (10) business days from electronic receipt of

23   the notice specified in Paragraph 16 to object in writing to the disclosure of Designated Material

24   to an Outside Consultant.  Any such objection must set forth in detail the grounds on which it is

25   based.  After the expiration of the 10-day period, if no objection has been asserted, then the

26   Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this

27   Order.  However, if the Designating Party objects within the 10-day period, the Receiving Party

28   may not disclose Designated Material to the challenged individual absent resolution of the dispute

1   or Court Order.  In the event the Designating Party makes a timely objection, the parties shall

2   meet and confer to try to resolve the matter by agreement.  If the parties cannot reach an

3   agreement, the Objecting Party may, within seven (7) business days following its objection, file a

4   motion for a protective order preventing disclosure of Designated Material to the Outside

5   Consultant or for other appropriate relief.  If the Objecting Party fails to file a motion for a

6   protective order within the prescribed period, any objection to the Outside Consultant is waived,

7   and Designated Material may thereafter be disclosed to the individual (upon signing the

8   "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A).  If the Objecting

9   Party files a timely motion for a protective order, Designated Material shall not be disclosed to

10  the challenged individual until and unless a final ruling allowing such disclosure is made by this

11  Court or by the consent of the Objecting Party, whichever occurs first.

12          **F.      USE OF DESIGNATED MATERIAL**

13          18.     Use Of Designated Material By Receiving Party.  Unless otherwise ordered by the

14  Court or agreed to in writing by the Parties, all Designated Material shall be used by the

15  Receiving Party only for purposes of this litigation and shall not be used for any other purpose.

16  Information contained or reflected in Designated Materials shall not be disclosed to third-parties,

17  whether in conversations, presentations (by parties or counsel, vendors, experts, consultants, or

18  otherwise) in court or in other settings that might reveal Designated Material, except in

19  accordance with the terms of this Order.  Protected Material must be stored and maintained by a

20  Receiving Party at a location and in a secure matter that ensures that access is limited to the

21  persons authorized under this Order.

22          19.     Use Of Designated Material By Designating Party.  Nothing in this Order shall

23  limit any Designating Party's use of its own documents and information, nor shall it prevent the

24  Designating Party from disclosing its own confidential information, documents or things to any

25  person.  Such disclosure shall not affect any designations made pursuant to the terms of this

26  Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the

27  confidentiality of the information.

28

**STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-03643 JSW**

20.     Use of Designated Material at Depositions.  Except as may be otherwise ordered by the Court, any person may be examined as a witness at deposition and/or trial and may testify concerning all Designated Material of which such person has knowledge.

21.     Without in any way limiting the generality of the foregoing:

(a)     A present director, officer, employee, designated Rule 30(6)(b) witness, and/or Outside Consultant of a Producing Party may be examined and may testify concerning all Designated Material which has been produced by that Party.

(b)     A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Designated Material of which he or she has prior knowledge, including any Designated Material that refers to matters of which the witness has personal knowledge, which has been produced by that Party and which pertains to the period or periods of his or her prior employment with the Party; and

(c)     Non-parties may be examined or testify concerning any document containing Designated Material of a Producing Party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contractual relationship with the Producing Party, or a representative of such Producing Party.  Any person other than the witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to execute an "Agreement To Be Bound By Protective Order," in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Designated Material disclosed during the course of the examination.  In the event that such attorney declines to sign such an Agreement To Be Bound By Protective Order, prior to the examination, the Producing Party may seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

DM_US 27880693-1.068154.0037

### G.     PROCEDURE FOR DESIGNATING MATERIALS

22.     Subject to the limitations set forth in this Order, a Designating Party may designate as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" material the Designating Party believes in good faith meets the definition set forth above.

23.     Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

24.     Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating party to sanctions.

25.     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

26.     Except as otherwise provided in this Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must be appropriately designated in accordance with the terms and conditions of this Protective Order before the material is disclosed or produced.

27.     Designation in conformity with this Order requires:

(a)     For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to each page that contains protected material.

28.     A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced.   During the inspection and before the

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-03643  JSW

1   designation, all of the material available for inspection shall be deemed "HIGHLY

2   CONFIDENTIAL—ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

3   documents it wants copied or produced, the Producing Party must determine which documents, or

4   portions thereof, qualify for protection under this Order.  Then, before producing the specified

5   documents, the Producing Party must affix the appropriate legend ("HIGHLY

6   CONFIDENTIAL—ATTORNEYS' EYES ONLY") to each page that contains Protected

7   Material.

8         (a)    For testimony given in a deposition or in other pretrial or trial proceedings,

9   the Designating Party shall specify any portions of the testimony that it wishes to designate as

10  "OUTSIDE ATTORNEYS' EYES ONLY."  In the case of a deposition, the Designating Party

11  may also designate any portion of a deposition transcript as "OUTSIDE ATTORNEYS' EYES

12  ONLY" by informing the reporter and opposing party in writing within thirty (30) calendar days

13  of completion of the deposition of the designations to be applied.

14        (b)    For information produced in some form other than documentary, and for

15  any other tangible items, the Producing Party shall affix in a prominent place on the exterior of

16  the container or containers in which the information or thing is stored the legend "HIGHLY

17  CONFIDENTIAL—ATTORNEYS' EYES ONLY."

18  **H.**    **INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION**

19      29.    The parties agree that there shall not be a waiver of the attorney-client privilege or

20  work product immunity, or any other applicable privilege or immunity by reason of the

21  inadvertent or unintentional production of any document or information, except as set forth

22  below.  Inspection or production of documents (including physical objects) shall not constitute a

23  waiver of the attorney-client privilege or work product immunity or any other applicable privilege

24  or immunity from discovery if, within fifteen business days after the Producing Party becomes

25  aware of the inadvertent or unintentional disclosure, the Producing Party designates the

26  documents as within the attorney-client privilege or work product immunity or any other

27  applicable privilege or immunity and requests in writing the return of such documents to the

28

Producing Party. The parties agree to the following procedure in the event that privileged information is inadvertently produced:

(a) The Requesting Party shall specify in writing the bates number of the document requested and the basis of the privilege being asserted (e.g., it shall be sufficient to state solely that the document is protected by the work product doctrine, the attorney-client privilege, or another privilege).

(b) Upon such request, the party in possession of the document (the "Returning Party") shall return the document to the Requesting Party within five (5) business days (or certify that all copies of the document have been destroyed) -- regardless of whether the Returning Party has an objection to the basis of the privilege(s) asserted.

(c) The parties agree that returning a document pursuant to this Order does not waive or otherwise alter the right of a party to object to the basis of the privilege asserted.

(d) Once an inadvertently produced document or information has been used during a deposition or used as an exhibit to a pleading filed with the Court, the Producing Party has fifteen business days from the date of disclosure to provide notice of the inadvertent production. Notwithstanding any other provision of this Order, failure to provide notice within this fifteen business day period shall constitute a waiver of any applicable privileges or immunities with respect to the specific inadvertently produced documents or information only, and shall not be construed as a general waiver of any applicable privilege or immunity with respect to the subject matter disclosed therein. If the Producing Party provides notice to the Returning Party of any inadvertent or unintentional disclosure within: (a) fifteen business days from the date the Producing Party becomes aware of the inadvertent or unintentional disclosure or (b) fifteen business days after the inadvertently produced document or information has been used during a deposition or as an exhibit to a pleading filed with the Court, whichever is shorter, there shall be no waiver of the attorney-client privilege, work product immunity or any other applicable privilege or immunity with respect to that document or information.

## I. INADVERTENT FAILURE TO DESIGNATE

30. An inadvertent failure to designate qualified information, documents or things as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate, a Producing Party may notify the Receiving Party in writing that the material is to be designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" with the factual basis for the assertion of designation as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s). The Producing Party shall provide substitute copies of the documents bearing the confidentiality designation.

## J. FILING DESIGNATED MATERIAL

31. Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Designated Material but must file such Designated Material under seal in conformance with the Court's rules and procedures.

## K. CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

32. The parties will use reasonable care when designating documents or information as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" material have been improperly designated. A Receiving Party may at any time request that the Producing Party cancel or modify the confidentiality designation with respect to any document or information contained therein.

33. A party shall not be obligated to challenge the propriety of a "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge should be in writing, served on counsel for the Producing Party, and should identify with particularity the documents or

DM_US 27880693-1.068154.0037

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-03643 JSW

information that the Receiving Party contends should be designated differently.  Prior to approaching the Court with any challenge to a confidentiality designation, the parties must meet and confer regarding the confidentiality designation.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may not seek relief from the Court unless the Challenging Party has either engaged in this meet and confer process or can establish that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

34.     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion challenging a confidentiality designation if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

35.     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on any pending motion.

L.     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

36.     If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY", the Receiving Party must so notify the Designating Party, in writing (by fax and e-mail) promptly and in no event more than ten (10) calendar days after receiving the subpoena or order.  Such notification must include a copy of the

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-03643  JSW

subpoena or order.  The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

37.     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### M.     UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL

38.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to be Bound" that is attached hereto as Exhibit A.

### N.     NON-PARTY USE OF THIS PROTECTIVE ORDER

39.     A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.

40.    A non-party's use of this Protective Order to protect its "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information does not entitle that non-party access to "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information produced by any party in this case.

**O.    DURATION**

41.    Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**P.    FINAL DISPOSITION**

42.    Unless otherwise ordered or agreed in writing by the Producing Party or provided for in this section, within ninety (90) calendar days after the final termination of this action, each Receiving Party must destroy or return all Designated material to the Producing Party.  As used in this Paragraph, "all Designated Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Designated Material.  The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline. Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order as set forth in section O (Duration), above.

**Q.    MISCELLANEOUS**

43.    Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the Counsel of Record for the party against whom such waiver will be effective.

44.    This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order,

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-03643 JSW

1  when convenience or necessity requires.  Nothing in this Order abridges the right of any person to

2  seek to assert other objections.  No Party waives any right it otherwise would have to object to

3  disclosing or producing any information, documents, or things on any ground not addressed in

4  this Protective Order.  Similarly, no Party waives any right to object on any ground to the use in

5  evidence of any of the material covered by this Protective Order.  The Court shall take

6  appropriate measures to protect Designated Material at trial and any hearing in this case.

7        45.    This Order shall not diminish any existing obligation or right with respect to

8  Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in

9  writing before the disclosure takes place.

10        46.    The United States District Court for the Northern District of California is

11  responsible for the interpretation and enforcement of this Protective Order.   All disputes

12  concerning Designated Material produced under the protection of the Protective Order shall be

13  resolved by the United States District Court for the Northern District of California.   Every

14  individual who receives any Designated Material agrees to subject himself or herself to the

15  jurisdiction of this Court for the purposes of any proceedings related to performance under,

16  compliance with, or violation of this Order.

17        SIGNED this _____day of _____, 2011.

18

19

20        _____
         HON. JEFFREY S. WHITE
         UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

DM_US 27880693-1.068154.0037

- 15 -

**STIPULATED PROTECTIVE ORDER**
**CASE NO. 10-CV-03643  JSW**

1

**EXHIBIT A**

2

3    *Genomic Health Inc. v. Incyte Corp.*, **Civil Action No. 10-3643-JSW (N.D. Cal. 2010)**

4    **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

5    **BY PROTECTIVE ORDER**

6    I, _____ [print or type full name], state:

7    1.    I reside at _____;

8    2.    My present employer is _____;

9    3.    My present occupation or job description is _____;

10   4.    I agree to keep confidential all information provided to me in the matter of

11   *Genomic Health Inc. v. Incyte Corp*, Civil Action No. 10-3643-JSW in the United States District

12   Court for the Northern District of California, and to be subject to the authority of that Court in the

13   event of any violation or dispute related to this agreement.

14   5.    I have been informed of and have reviewed the Protective Order entered in this

15   case, and I will not divulge any information, documents or things that are subject to the Protective

16   Order except in accordance with the provisions of the Order.

17   6.    I state under penalty of perjury under the laws of the United States of America that

18   the foregoing is true and correct.

19   Executed on _____.

20

21   _____
                              [printed name]

22

23   _____
                              [signature]

24

25

26

27

28

**EXHIBIT B**

*Genomic Health Inc. v. Incyte Corp.*, **Civil Action No. 10-3643-JSW (N.D. Cal. 2010)**

**CERTIFICATION OF CONSULTANT**

I, _____ [print or type full name], of _____ am not an employee of the Party who retained me, or of a competitor of the opposing Party.  If at any time after I execute this Certificate of Consultant and during the pendency of the Action I become an employee of a competitor of the opposing Party, I will promptly inform the counsel for the party who retained me in the Action, and I will not thereafter review any Designated Materials marked by the opposing Party as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" unless and until the Parties agree or the Court orders otherwise.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____.

_____
[printed name]

_____
[signature]

DM_US 27880693-1.068154.0037

**STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-03643  JSW**